[Cite as *Miller v. Lexington Court Care Ctr.*, 2026-Ohio-237.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SARAH MILLER, as the Personal Representative of the Estate of Mary Holt, Deceased,<br><br>Plaintiff - Appellant<br><br>-vs-<br><br>LEXINGTON COURT CARE CENTER, et al.,<br><br>Defendant – Appellee | Case No. 2025 CA 0033<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Richland County Court of Common Pleas, Case No. 2024-CV-288N<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: January 27, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** BLAKE A. DICKSON, for Plaintiff-Appellant; LESLIE M. JENNEY, for Defendant-Appellee.

*Montgomery, J.*

## STATEMENT OF THE CASE

**{¶1}** Plaintiff-Appellant, Sarah Miller ("Plaintiff/Appellant") as the personal representative of the Estate of Mary Holt, filed a lawsuit against Lexington Court Care Center, et al. on June 6, 2024.

**{¶2}** This is the second time Plaintiff/Appellant has filed against these Defendants after voluntarily dismissing her first Complaint on June 7, 2023.

{¶3}   Plaintiff/Appellant named Lexington Court Care Center, Orion Lexington, L.L.C., Orion Operating Services, L.L.C., Atrium Centers Inc., Atrium Centers, Atrium Centers Management, L.L.C., Susan Albright and John Doe 1-200 as defendants in her complaint.

{¶4}   Defendants filed a Motion for Judgment on the Pleadings and the trial court dismissed defendants John Does 1-200. *9/17/24 Order*, pp. 3 & 4.

{¶5}   The remaining Defendants ("Defendants/Appellees") then filed a Motion for Summary Judgment on January 8, 2025.

{¶6}   The trial court held a non-oral hearing and granted Defendants/Appellees motion for summary judgment. *4/8/25 Order*.

{¶7}   Plaintiff/Appellant filed a timely notice of appeal to the trial court's April 8, 2025, Order and an Appellant Brief. Defendants/Appellees filed an Appellee Brief.

## STATEMENT OF FACTS

{¶8}   Plaintiff/Appellant, Sarah Miller, is the personal representative of the estate of Mary Holt.

{¶9}   Lexington Court Care Center is a nursing home located in Richland County, Ohio.

{¶10}  Mary Holt was admitted to Lexington Court Care Center on November 6, 2019, for long term nursing care following a stroke that resulted in paraplegia from T5 down.

{¶11}  Mary Holt died on August 5, 2020.

## ASSIGNMENTS OF ERROR

{¶12}  Plaintiff/Appellant asserts the following assignments of error:

{¶13}  "I.  THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT."

{¶14}  "II.  THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF'S COMPLAINT IS INSUFFICIENT."

{¶15}  "III.  THE TRIAL COURT ERRED IN RULING THAT THE AFFIDAVIT OF MERIT FROM PLAINTIFF'S EXPERT, JOHN DEACON, M.D. WAS INSUFFICIENT."

{¶16}  "IV. THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANTS ARE NOT DIRECTLY LIABLE FOR DECEDENT MARY HOLT'S INJURIES AND HER DEATH."

{¶17}  "V.  THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANTS ARE NOT VICARIOUSLY LIABLE FOR DECEDENT MARY HOLT'S INJURIES AND HER DEATH."

## STANDARD OF REVIEW

{¶18}  Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). Accordingly, this Court reviews a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

Civ.R. 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of

fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

Thus, summary judgment may be granted only after the trial court determines that: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶19} Summary judgment consists of a burden-shifting framework. *Dresher v. Burt,* 75 Ohio St.3d 280, 294 (1996). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. Once this burden is met, the burden shifts to the nonmoving party. *Id.* According to Civ.R. 56(E), the nonmoving party may not rest on mere allegations or denials in their pleadings but must set forth specific facts showing a genuine

issue for trial. *Id.*, at 293. A fact is "material" only if its resolution will affect the outcome of the lawsuit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52 (1986).

## ANALYSIS

{¶20} In the first assignment of error, Plaintiff/Appellant claims the trial court improperly granted summary judgment overall.

{¶21} Defendants/Appellees' motion sought an order for summary judgment on the following claims: (1)Any/all claims against Susan Albright; (2) Any/all medical claims: including medical malpractice, medical negligence, claims involving medical care pursuant to 3721.13 and 3721.17; (3) Any/all claims of ordinary negligence; (4) Any/all claim arising from conduct, acts, failures to act of any agent, employee, independent contractor, medical provider; (5) Any/all claims arising from alleged violations of the Ohio Administrative Code. *Defendants' Motion for Summary Judgment*, p. 1.

{¶22} Defendants/Appellees', citing *Clawson v. Heights Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154, argued that since all claims against the 200 John Does had failed, on the merits due to all of their claims having been dismissed and time barred as the statute of limitations had expired, as the employer of any of the John Does they cannot be held liable for any claims against them. *Id.*, p. 6. Appellees/Defendants further argued, "This causes any negligence claims against Defendants based on theories of vicarious liability or respondeat superior to fail." *Id.*

{¶23} Defendants/Appellees also argued in their motion that all claims pursuant to R.C. 3721.10 and 3721.13 must fail because, "Plaintiff/Appellant has not produce [sic] experts to opine on the direct claims against the facility and corporate defendants." *Id.*, p. 7.

**{¶24}** We conclude that the trial court properly granted summary judgment to Defendants/Appellees.

### Direct Liability

**{¶25}** Plaintiff/Appellant claims that the nursing home is directly liable under Ohio Revised Code §3721.10 and Ohio Revised Code §3721.13, commonly referred to as the Nursing Home Bill of Rights, and/or the wrongful death statute.

**{¶26}** Ohio Revised Code §3721.10 sets forth definitions as they are used in the code.

**{¶27}** Ohio Revised Code §3721.13 sets forth 32 subsections that outline the nursing home resident's rights. Among these, and relevant here to Plaintiff/Appellant's claims, are the right to a safe and clean living environment, to be free from physical, verbal, mental, and emotional abuse and to adequate and appropriate medical treatment and nursing care.

**{¶28}** To maintain any cause of action for medical negligence and resulting direct liability, Plaintiff/Appellant must establish the following three elements: 1) that Defendants/Appellees owed a duty to Plaintiff/Appellant; 2) that Defendants/Appellees breached that duty; and 3) damages to Plaintiff/Appellant proximately resulted from the breach. *Gray v. Jefferson Geriatric & Rehabilitation Center* (1991), 76 Ohio App.3d 499; and *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142.

**{¶29}** Regarding the element of causation in a negligence claim when specific physical injuries are alleged, a plaintiff must produce expert testimony, unless causation is within the common knowledge of a layperson. *Whittington v. Kudlapur*, 2001-Ohio-2525, at ¶¶ 12-13.

**{¶30}** Here, Plaintiff/Appellant makes numerous allegations in her Complaint that the nursing home breached its duties owed to Mary Holt. However, these allegations are not evidence. To defeat summary judgment, a party must present evidence of material facts in dispute.

**{¶31}** Plaintiff/Appellant's Brief in Opposition to Defendants' Motion for Summary Judgment provided a narrative of facts to the court. However, Plaintiff/Appellant's motion fails to provide affidavits, depositions, medical records or expert reports to support her claims of direct liability. Plaintiff/Appellant failed to provide any evidence as required by Civ.R. 56 (E).

**{¶32}** The only affidavit provided by Plaintiff/Appellant was the affidavit of John D. Deacon, M.D., attached to her complaint. While this affidavit could have been sufficient to establish the adequacy of the complaint, the trial court, pursuant to Civ.R. 10(D)(2)(d), could not consider this affidavit as evidence to rebut Defendants/Appellees' motion for summary judgment. "An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment." *Babcock v. Toledo Hosp.*, 2025 Ohio Misc. LEXIS 1969, *3.

**{¶33}** The only documents Plaintiff/Appellant provided in support of her response to Defendants/Appellees' motion for summary judgment were judgment entries from various trial courts around the state. Plaintiff/Appellant submitted judgment entries from Franklin County Common Pleas Court, The Court of Common Pleas of Trumbull County, The Court of Common Pleas, Cuyahoga County, The Court of Common Pleas, Geauga County and The Court of Common Pleas, Hamilton County. These decisions are not pleadings, depositions, answers to interrogatories, written admissions, affidavits,

transcripts of evidence or written stipulations as required by Civ.R. 56 and do nothing to show that there are specific facts showing there is a genuine issue for trial.

**{¶34}** The Plaintiff/Appellant herein has failed to present expert testimony via affidavit, depositions, answers to interrogatories, written admission or written stipulations that the Defendants/Appellees breached the applicable standard of care and that the breach constituted the direct and proximate cause of the decedent's death.

**{¶35}** Plaintiff/Appellant herein is claiming wrongful death yet fails to demonstrate how the decedent died and how the nursing home caused said death. Plaintiff/Appellant fails to provide the trial court with any affidavits that attest to any causation between the complained of breach of standard of care and the decedent's injuries or death.

**{¶36}** Because Plaintiff/Appellant has failed to present any evidence that a genuine issue of material fact exists as to causation, and has no additional evidence supporting causation, Plaintiff/Appellant cannot establish the nursing home's direct liability.

**{¶37}** Therefore, on the issue of direct liability, summary judgment in favor of Defendants/Appellants was appropriate.

### *Vicarious Liability*

**{¶38}** In addition to direct liability, a nursing home may be held liable for the acts of its employees under the theory of vicarious liability, also known as respondeat superior. *Whittington*, at ¶ 11. "Although a party injured by an agent may sue the principal, the agent, or both, a principal is vicariously liable only when an agent could be held directly liable.'" *Clawson*, 2022-Ohio-4154, 455. (citing *Wuerth*, 122 Ohio St.3d at 599).

**{¶39}** Regarding vicarious liability, Defendants/Appellees correctly note that "[p]ursuant to *Clawson* Defendants cannot be held liable for the acts of unnamed non-parties." *Motion for Summary Judgment*, p. 5. *See Clawson, supra*. Defendants/Appellees further stated that because the trial court dismissed all 200 John Doe Defendants, "there are no employees or agents of the entity Defendants remaining in this action." *Id.*

**{¶40}** The *Clawson* Court noted that there could be no agency liability where claims against the agent were barred by the statute of limitations. The *Clawson* Court reasoned:

> [w]e distinguished *Comer* in part because '[t]he claim against the hospital [in *Comer*] was extinguished by the statute of limitations, not by application of immunity,' *id.* A determination of immunity, we stated, is not a determination of liability, *id.*, whereas a dismissal based on the statute of limitations is a dismissal on the merits.
>
> *Clawson,* at 460.

**{¶41}** The Ohio Supreme Court reasoned, "Because Clawson had failed to timely serve Dr. Bisesi with her refiled complaint, and because the statute of limitations on her claim against Dr. Bisesi had expired, Clawson's right of action against Dr. Bisesi was extinguished by operation of law." *Clawson,* at 461.

**{¶42}** Consequently, *Clawson* applies to preclude vicarious liability claims where the agents' liability was extinguished on the merits. *Bugeda v. Maplewood at Chardon LLC*, 2023 Ohio Misc. Lexis 2109, *3-4.

**{¶43}** As previously stated, the movant in a motion for summary judgment bears the initial burden of identifying the grounds for the motion and portions of the record which show an absence of genuine issues of material fact as to the essential elements of the claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

**{¶44}** Plaintiff/Appellant argues that the Defendant/Appellees did not offer pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations of fact in support of their motion and that they therefore were not required to present evidence and argument as to how the Defendants/Appellees are liable regarding the care, treatment and ultimately the death of decedent. *Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment,* p. 9.

**{¶45}** However, "[s]ummary judgment may be rendered where the pleadings and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action." *Dresher,* at 298.

**{¶46}** Defendants/Appellees met their initial burden citing, *Clawson* and *Wuerth*, to establish that Plaintiff/Appellant did not have a cause of action against the remaining defendants.

**{¶47}** Defendants/Appellees argued in their motion, "This causes any negligence claims against Defendants based on theories of vicarious liability or respondeat superior to fail." *Defendants' Motion for Summary Judgment*, p. 3.

**{¶48}** Defendants/Appellees also argued that all claims pursuant to R.C. 3721.10 and 3721.13 must fail because, "Plaintiff/Appellant has not produce [sic] experts to opine on the direct claims against the facility and corporate defendants." *Id.*, p. 7.

**{¶49}** The trial court reviewed the pleadings and Defendants/Appellees' arguments and found that Plaintiff/Appellant was required to "[p]resent evidence and arguments to how the Defendants are liable regarding the care, treatment and ultimately the death of Decedent Mary Holt." *9/17/24 Order*, p. 5.

**{¶50}** This Court finds that the trial court did not err in finding that Defendants/Appellees met their initial burden pursuant to Civ.R. 56 and therefore Plaintiff/Appellant had a reciprocal burden to present facts showing that there is a genuine issue for trial.

**{¶51}** If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. *Dresher,* at 293.

**{¶52}** As previously stated, Plaintiff/Appellant failed to present any evidence as outlined in Civ.R. 56 to support her claims in her complaint. Plaintiff/Appellant has failed to present specific facts as to how Defendants/Appellees are vicariously liable for the death of Mary Holt.

**{¶53}** Therefore, on the issue of vicarious liability, summary judgment in favor of Defendants/Appellees was appropriate.

**{¶54}** Plaintiff/Appellant's first assignment of error is overruled.

**{¶55}** Plaintiff/Appellant's second assignment of error alleges, "[t]he Trial Court erred in ruling that Plaintiff's Complaint is insufficient." *Appellant Brief*, p. 12.

**{¶56}** Civil Rule 8(A) governs the requirements of a complaint. "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plaint statement of the claim showing that the

party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." *Id.*

**{¶57}** Plaintiff/Appellant's Complaint states that she is entitled to relief, "pursuant to Ohio Revised Code §2121.01 et seq., and/or other sections of the Ohio Revised Code, and/or the common law, specifically including, but not limited to, Ohio Revised Code §3721.10 and Ohio Revised Code §3721.13, hereby files the within Complaint, against all of the Defendants in the within case, in order to pursue both the survivorship claims in the within case, and the wrongful death claims in the within case, which claims are being brought for the exclusive benefit of Decedent Mary Holt's next-of-kin." *Complaint*, p. 1.

**{¶58}** The trial court dismissed all claims in Plaintiff/Appellant's Complaint except for claims of medical negligence pursuant to Civ.R. 12(F). *4/8/25 Order*, p. 57.

**{¶59}** Civil Rule 12 (F) provides, "[u]pon the court's own initiative at any time, the court may order stricken from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter."

**{¶60}** While the trial court dismissed all claims in Plaintiff/Appellant's Complaint except for claims of medical negligence pursuant to Civ.R. 12 (F), it also dismissed all Plaintiff/Appellant's claims except for claims of medical negligence for failure to present sufficient evidence upon summary judgment. *Id.*, p. 58.

**{¶61}** The trial court did not grant summary judgment in favor of Defendants/Appellees based upon dismissal of some of Plaintiff/Appellant's claims under Civ.R. 12 (F). The trial court granted summary judgment to Defendants/Appellees based upon Plaintiff/Appellant's failure to produce sufficient evidence in response to summary judgment to sustain their burden of proving that there is a material question of fact.

**{¶62}** The trial court dismissed Plaintiff/Appellant's claims, except for medical negligence, on grounds of failure to state a claim and summary judgment. Since this Court finds that the trial court did not commit error in granting summary judgment to all claims against Defendants/Appellees, the trial court's decision with respect to their dismissal of claims pursuant to Civ.R. 12(F) need not be considered by this Court. Accordingly, the second assignment of error is overruled.

**{¶63}** Plaintiff/Appellant claims in her third assignment of error that the trial court erred in ruling that Plaintiff's Expert, John Deacon, M.D.'s Affidavit of Merit was insufficient.

**{¶64}** Plaintiff/Appellant cites three findings made by the trial court in support of her argument.

**{¶65}** The first is the trial court's finding that Plaintiff/Appellant's Affidavit "lumps all of the Defendants together, individually and/or by and through their employees, and/or agents. It does not find that any individual Defendant and/or individual staff of Defendants breached any duty." *4/8/25 Order*, p. 20.

**{¶66}** The second finding made by the trial court is that the affidavit attached to the complaint "makes a bare statement that Doctor Deacon is familiar with the applicable standard of care although it does not list what the standard of care is." *Id.*, p. 20.

**{¶67}** The third finding cited by the trial court is that Plaintiff/Appellant's affidavits "does not state Doctor Deacon's practice area but does indicate that he is certified by the American Board of Emergency Medicine and the American Board of Wound Management." *Id.*

{¶68} While these are three findings made by the trial court, they are not findings that the trial court found Plaintiff/Appellant's affidavit to be insufficient.

{¶69} It is important to note that Dr. John Deacon M.D.'s Affidavit of Merit was attached to Plaintiff/Appellant's Complaint pursuant to Civ.R. 10(D)(2)(a).

{¶70} Civ.R. 10(D)(2)(a) provides in part, "Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." *Babcock v. Toledo Hosp.*, 2025 Ohio Misc. LEXIS 1969, *2-3.

{¶71} Civ.R. 10(D)(2)(d) states, "An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment."

{¶72} The affidavit of Dr. John Deacon M.D. was submitted to establish the adequacy of Plaintiff/Appellant's Complaint. The affidavit was not submitted in support of Plaintiff/Appellant's opposition to Defendants/Appellees' motion for summary judgment.

{¶73} The trial court's findings regarding Dr. John Deacon M.D.'s affidavit are harmless error. The trial court's decision to grant summary judgment in favor of Defendants/Appellants was not based on its findings regarding the doctor's affidavit.

{¶74} The fact remains that the Affidavit does not contain anything to suggest a genuine issue of material fact exists regarding causation. Dr. Deacon simply restates the elements of negligence but does not tie together how the nursing home or any of its employees caused Mary Holt's death. Thus, while the Affidavit was helpful for Appellant

to "state a claim for relief," it is wholly insufficient to create an issue of fact to defeat summary judgment.

**{¶75}** Therefore, Plaintiff/Appellant's third assignment of error is overruled.

**{¶76}** Plaintiff/Appellant's fourth assignment of error alleges that the trial court erred in holding that Defendants are not directly liable for Decedent Mary Holt's injuries and her death.

**{¶77}** The trial court granted Defendants/Appellees motion for summary judgment on the issue of medical negligence in finding that Plaintiff/Appellant failed to establish any duty of the Defendants/Appellees or their staff or causation. *4/8/25 Order*, p. 58.

**{¶78}** Appellees/Defendants met their initial burden of informing the trial court that there was no genuine issues as to any material fact and that they were entitled to summary judgment as a matter of law, Plaintiff/Appellant was required to present evidence and argument as to how the Appellees/Defendants are liable regarding the care, treatment and death of Mary Holt.

**{¶79}** "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 111 (1991).

**{¶80}** This Court finds that Plaintiff/Appellant failed to provide the trial court with evidence to support her argument as to how the Defendants/Appellees were directly liable for the Decedent Mary Holt's injuries and death.

**{¶81}** Therefore, pursuant to this Court's previous analysis, Plaintiff/Appellant's fourth assignment of error is overruled.

**{¶82}** Plaintiff/Appellant argues in her fifth assignment of error that the trial court erred in holding that Defendants/Appellees are not vicariously liable for Decedent Mary Holt's injuries and her death. *Appellant Brief*, p. 17.

**{¶83}** The trial court granted summary judgment in favor of Defendants/Appellees on the issues of vicarious liability, "for failure to state a claim and failure to present sufficient evidence upon summary judgment to sustain the Plaintiff's burden that there is a material fact as to these claims." *4/8/25 Order*, p. 58.

**{¶84}** As previously stated in this Court's analysis of Plaintiff/Appellant's assignment of error number one, Plaintiff/Appellant pursuant to Civ.R. 56 (E) failed to provide the trial court with any evidence to support its claim for vicarious liability.

**{¶85}** There is no evidence of negligence on the part of any employees properly pleaded and/or established to be able to recover against the employer under respondeat superior or vicarious liability.

**{¶86}** For the foregoing reasons, Plaintiff's fifth assignment of error is overruled.

## CONCLUSION

{¶87} For the foregoing reasons, Plaintiff/Appellant's first, second, third, fourth and fifth assignments of error are overruled.

{¶88} For the reasons stated in our accompanying Opinion, the trial court's Order granting Defendants' Motion for Summary Judgment issued by the Richland County Court of Common Pleas on April 8, 2025, is affirmed.

{¶89} Costs to Appellant.


By: Montgomery, J.

Baldwin, P.J. and

King, J. concur.